| | |
|---|---|
| ADRIAN M. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU CARMON, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on September 3, 2020, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Adrian M. Johnson ("Plaintiff"), a North Carolina inmate currently incarcerated at Maury Correctional Institution ("Maury CI") in Hookerton, North Carolina,[1] purports to bring claims arising out of events occurring during his incarceration at Maury CI. Plaintiff has named as Defendants FNU Carmon and FNU Pagan, identified as Correctional Officers at Maury CI; and FNU Andrews, FNU Sherman, and FNU Strickland, all identified as Sergeants at Maury CI. Plaintiff alleges violations of his rights

---

[1] Hookerton, North Carolina, is located in the Eastern District of North Carolina.

under the Eighth and Fourteenth Amendments, as well as claims for assault and battery and negligence. [CV Doc. 1].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action to the Eastern District of North Carolina.

2

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Clerk is instructed to terminate this action.

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge